## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOVITO LANDAVERDE, Individually and On Behalf of All Similarly Situated Persons, <br>     Plaintiff, <br><br> V. <br><br> S.C.C.G., INC., S.C.G.K., INC, S.C.G.M, INC. and UMER F. KHAN, a/k/a OMAR KHAN, <br>     Defendants. | § § § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO. 4:19-cv-0591<br><br><br><br><br><br>JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Jovito Landaverde and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

### Parties

1. Plaintiff Jovito Landaverde ("Landaverde"), a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and he is represented by the undersigned.

2. Defendant S.C.C.G., Inc. ("SCCG") is a Texas corporation that was an "employer" of Landaverde as that term is defined by the FLSA. With respect to Plaintiff, SCCG is subject to the provisions of the FLSA. SCCG was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, with gross annual revenues in excess of $500,000. Defendant S.C.C.G., Inc. may be served through its registered agent, Umer F.

Khan at 5868 Westheimer, Ste. 424, Houston, Texas 77057 or at 1650 Highway 6, Ste. 170, Sugar Land, Texas 77478 or wherever he may be found.

3. Defendant S.C.G.K., Inc. ("SCGK") is a Texas corporation that was an "employer" of Landaverde as that term is defined by the FLSA. With respect to Plaintiff, SCGK is subject to the provisions of the FLSA. SCGK was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, with gross annual revenues in excess of $500,000. Defendant S.C.G.K., Inc. may be served through its registered agent, Umer F. Khan a/k/a Omar Khan at 4811 Highway 6, Missouri City, Texas 77459 or wherever he may be found.

4. Defendant S.C.G.M., Inc. ("SCGM") is a Texas corporation that was an "employer" of Landaverde as that term is defined by the FLSA. With respect to Plaintiff, SCGM is subject to the provisions of the FLSA. SCGM was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, with gross annual revenues in excess of $500,000. Defendant S.C.G.M., Inc. may be served through its registered agent, Umer F. Khan a/k/a Omar Khan at 4811 Highway 6, Missouri City, Texas 77459 or wherever he may be found.

5. Defendant Umer F. Khan, a/k/a Omar Khan ("Khan"), is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiff, Khan is subject to the provisions of the FLSA. Mr. Khan acted on behalf of S.C.C.G., Inc., S.C.G.K., Inc. and S.C.G.M., Inc. in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Khan worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Umer F. Khan, a/k/a Omar Khan may be served with process at 5868 Westheimer, Ste. 424, Houston, Texas 77057 or at

1650 Highway 6, Ste. 170, Sugar Land, Texas 77478 or wherever he may be found.

## Jurisdiction and Venue

6. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

## Factual Allegations

8. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

9. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §§203(r) and 203(s).

10. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business(es).

11. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes).

12. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

13. Defendant Umer F. Khan, also upon information and belief, called Omar Khan, is

the owner of the Star Cinema Grill enterprise, which owns, according to its website, seven upscale movie theaters that serve meals and alcoholic beverages in Texas, one in Illinois, with two more under construction in the Houston area. As part of his empire of theaters and other businesses, Khan owns several companies that provide construction and maintenance services for building and upkeep of the Star Cinema Grill facilities. Among these is one of the corporate entities named in this lawsuit. The undersigned attorney for Plaintiff previously sued S.C.G.C., Inc. in C.A. 4:17-cv- 3803; *Victor Ortega v. S.C.G.C., Inc. and Umer F. Khan* ("First Lawsuit") for violations of the FLSA, namely, failure to pay overtime pay. The allegation in the prior litigation was that Khan and his company paid construction workers "straight time" pay, that is, the same amount per hour for all hours worked, and no overtime premium for hours worked over 40 in a workweek. The Court in the First Lawsuit certified a class and ordered notice to be sent out. After the close of the opt-in period, the parties settled their claims and the First Lawsuit was dismissed.

14. The claims in this lawsuit are identical to the claims made in the First Lawsuit, are being asserted against the same parties, with the addition of two additional companies (S.C.G.K., Inc. and S.C.G.M., Inc.), also owned by Khan. After being sued and having a collective action certified, Khan and his companies are still continuing to pay their construction workers in the same improper fashion, straight time, without paying overtime. In addition, during the pendency of the First Lawsuit, the Plaintiff and other employees of the Defendants witnessed supervisory personnel of the defendant companies (1) warning/threatening employees not to opt into the First Lawsuit, and (2) retaliating against persons who did opt in by instructing Plaintiff and others to not hire back to work for Defendants anyone who opted into the First Lawsuit. A number of employees did not opt into the First Lawsuit due to the Defendant's threats.

15. Landaverde was employed by the Defendants from February 9, 2017 until February 18, 2019 as a construction worker and supervisor, and was paid on an hourly basis. Landaverde's duties included, but were not limited to, supervising workers who were hanging sheetrock, painting, installing chairs, and putting down plywood flooring. During his

employment with Defendants, Landaverde regularly worked in excess of 40 hours in a workweek. In fact, Landaverde regularly worked 60 hours or more per week. He was paid the same hourly rate for all hours worked ("straight time") and was not paid an overtime premium for hours worked over 40 in the workweek.

16. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. The Defendants had actual knowledge of the fact that Plaintiff and his co-workers were working more than 40 hours per week, had knowledge of the number of hours they were working, and had knowledge, based on the First Lawsuit, that Defendants' practice of paying their construction workers straight time for hours over 40 in a week was improper.

17. Defendants are jointly and severally liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise as defined in terms of the FLSA.

### Plaintiff's Individual Allegations

18. Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over 40 in each workweek.

19. Defendants failed to pay the Plaintiff the required overtime premium in many such workweeks that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in most weeks.

20. As described above, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

21. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Collective Action Allegations**

22. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all other construction workers on the same basis as the Plaintiff, that is, straight time for all hours worked.

23. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

24. Further, each Member of the Class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

25. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

26. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a

good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

27. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed on an hourly basis as construction workers by Defendants S.C.C.G., Inc., S.C.G.K., Inc., S.C.G.M., Inc. or Umer F. Khan from June 25, 2015 until the present time.**

28. Due to the unlawful actions of the Defendants in suppressing/threatening class members in the First Lawsuit, resulting in some potential class members not opting into the First Lawsuit, the claims of the Members of the Class should be tolled back to the date when notice was sent in the First Lawsuit.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

29. Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

30. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

31. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the sending of notice in the First Lawsuit.

### Demand for Jury

32. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by S.C.C.G., Inc., S.C.G.K., Inc., S.C.G.M., Inc., and Umer F. Khan, a/k/a Omar Khan, as construction workers during the time period beginning June 26, 2015 through the present time. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF JOVITO LANDAVERDE**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF VICTOR ORTEGA**